

**FILED**

**December 1, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:15 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| James Keaton Austin ) | Docket No. 2017-07-0161 |
| ) | |
| v. ) | State File No. 15013-2017 |
| ) | |
| American Land and Timber ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Amber E. Luttrell, Judge ) | |

---

**Affirmed and Remanded—Filed December 1, 2017**

---

The claimant suffered an amputation of his thumb while working for the purported employer in its sawmill. The employer did not dispute the claimant's account of the injury but denied the claim on the basis the claimant was an independent contractor. Following an expedited hearing, the trial court concluded the claimant was likely to prevail at trial in establishing he was an employee, rather than an independent contractor, and ordered the employer to pay his medical expenses. The employer has appealed. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Benjamin Harmon, Savannah, Tennessee, for the employer-appellant, American Land and Timber

Edward Martindale, Jr., Jackson, Tennessee, for the employee-appellee, James Keaton Austin

### Memorandum Opinion[1]

James Austin ("Claimant") suffered a traumatic amputation of his left thumb while working for American Land and Timber ("American"), a sawmill. The parties stipulated

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

that the injury arose primarily out of and occurred in the course of Claimant's work at the sawmill and that the medical expenses incurred as a result of that injury were reasonable and necessary.

The sole issue on appeal is whether there is sufficient evidence that Claimant was an employee of American at the time of his injury.[2]  In deciding that he was an employee, the trial court observed:

> [Claimant] performed work at an hourly wage from seven a.m. to five p.m. weekly, and Mr. Jones [owner of the sawmill] paid him weekly by check from American Land and Timber.  Mr. Jones provided all tools and equipment and exerted control by directing [Claimant] where to work on any given day.  Mr. Jones further controlled the right to hire and fire helpers.  Payment by 1099 without withholding taxes is not controlling when the Court considers the totality of the evidence.

American has appealed, arguing there is "no indication that Mr. Jones exerted control over the work being done."  It further argues that Claimant was given a Form 1099 for income tax purposes, that it was "impractical or impossible for [Claimant] to furnish his own tools and equipment," and that American did not determine what hours workers were required to be present.  We find these arguments unpersuasive.

Tennessee Code Annotated 50-6-102(12)(D)(i) (2017) sets out various factors to consider in determining whether an injured worker is an employee or an independent contractor.  These factors include: (1) "[t]he right to control the conduct of the work"; (2) "[t]he right of termination"; (3) "[t]he method of payment"; (4) "[t]he freedom to select and hire helpers"; (5) "[t]he furnishing of tools and equipment"; (6) the "[s]elf-scheduling of working hours"; and (7) "[t]he freedom to offer services to other entities."  *Id.* However, these factors "are not absolutes that preclude examination of each work relationship as a whole and are no more than a means of analysis."  *Smiley v. Four Seasons Coach Leasing, Inc.*, Nos. 2016-06-0104 & -0105, 2016 TN Wrk. Comp. App. Bd. LEXIS 28, at *10 (Tenn. Workers' Comp. App. Bd. July 15, 2016).  Further,

> [w]hile no single factor is determinative, the Tennessee Supreme Court has repeatedly emphasized the importance of the right to control, the relevant inquiry being whether the right existed, not whether it was exercised.

---

[2] At the expedited hearing, Claimant sought payment from the Uninsured Employers Fund pursuant to Tennessee Code Annotated section 50-6-801 (2017).  However, the trial court denied Claimant's request for benefits from the Uninsured Employers Fund because Claimant had not informed the Bureau of Workers' Compensation of the injury and the employer's failure to provide benefits within sixty days as required by that statute.  Claimant has not appealed that determination and, accordingly, we do not address the issue.

Moreover, determining whether an individual is characterized as an employee or an independent contractor for workers' compensation purposes requires a specialized factual analysis. No single aspect of a work relationship is conclusive in making this determination, and in deciding whether a worker is an employee or independent contractor, the trier of fact must examine all relevant factors and circumstances of the relationship. The fact that a company did not deduct social security or income taxes is not a controlling factor in deciding whether an employer-employee relationship existed.

*Id.* at *10-11 (citations and internal quotation marks omitted).

The proof presented at the expedited hearing establishes that Claimant would not have been able to hire his own helpers. Rather, that was the exclusive province of Mr. Jones, American's owner. Also, Claimant testified that he was required to report to work at a certain time and work a certain number of hours. Although Mr. Jones testified that workers were able to come and go whenever they chose, the trial court credited Claimant's testimony. When the trial court has seen and heard the witnesses, we give considerable deference to the court's factual findings. *Id.* at *21. Furthermore, the proof establishes that American provided all tools, equipment, and materials necessary to perform the work, and that Mr. Jones instructed Claimant where to report for work each day. While American argues that Mr. Jones did not exert the requisite control over Claimant's work, we note that the "relevant inquiry [is] whether the right [to control] existed, not whether it was exercised." *Id.* at *10-11.

At an expedited hearing, an injured worker must come forward with enough evidence to establish he or she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017). A trial court's conclusions in that regard are given a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7). The evidence in this case does not preponderate against the trial court's conclusion that Claimant was an employee of American. Accordingly, we affirm the decision of the trial court and remand the case.



**FILED**

**December 1, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:15 A.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James K. Austin | ) | Docket No. 2017-07-0161 |
| | ) | |
| v. | ) | State File No. 15013-2017 |
| | ) | |
| American Land and Timber | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 1st day of December, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Edward L. Martindale, Jr. | | | | | X | edwardlmartindale@gmail.com rachalmwallace@gmail.com |
| Benjamin Harmon | | | | | X | benharmonlaw@gmail.com |
| Amber E. Luttrell, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Jeanette Baird*

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov